489 So.2d 1222 (1986)
Quilla ELKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1056.
District Court of Appeal of Florida, Fifth District.
June 12, 1986.
*1223 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence. The Sentencing Guideline Commission, and others who eagerly promoted the benefits of the new sentencing guidelines when they took effect, assured the public that there would be no appreciable increase in appellate court work load as a result of the new guidelines. We write now to point out that a very substantial percentage of our criminal cases are appeals from guideline sentences. This case represents one of over 750 appeals in Florida where the issue decided by written opinion was one involving a sentence under the guidelines. Those cases decided without written opinion exceed the written ones.
Although the sentencing guidelines may have accomplished the intended result of reducing the Florida prison population, they most assuredly have increased the number of appeals. The constant changes and refinements of the guidelines by the legislature and the supreme court have not assisted in establishing a consistency in the law, and it is too early to tell whether there is a state-wide consistency in sentences themselves. Whether the new sentencing program is any better than the old parole system is still unknown, but it is certain that trial courts and appellate courts have experienced an enormous increase in their work load as a result of the change.
We must vacate the sentence in this case because the trial court failed to follow the rule requiring written reasons for departure as announced in State v. Oden, 478 So.2d 51 (Fla. 1985). It was not until five weeks after the sentencing hearing that the trial court provided its "contemporaneous written statement of the reasons" for departure. We do not deem this delay to comply with the Oden requirement. But we do not mean to imply, as the special concurrence does, that the contemporaneity must be at the very instant the sentence is pronounced. What the supreme court means by contemporaneous is for the supreme court to say, finally. All we are saying is that five weeks after the fact is not contemporaneous, in our opinion. The court also used improper reasons for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The sentence is vacated and this matter remanded for resentencing.
SENTENCE VACATED; REMANDED.
UPCHURCH, J. concurs.
SHARP, J., concurs specially with opinion.
SHARP, Judge, concurring specially.
I agree the departure[1] sentence in this case must be reversed because the two written reasons given by the trial court after the sentencing hearing do not justify a sentence beyond the presumptive sentence range. One reason given was Elkins' *1224 prior criminal record, which is impermissible under Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The second reason for departure was that Elkins had been arrested in connection with a large scale undercover drug operation. That also is an insufficient reason since Elkins was only convicted of possession of cocaine with intent to sell or deliver it. § 893.13(1)(a)1., Fla. Stat. (1983). Reasons for departing from the presumptive guidelines range cannot include factors relating to an offense for which a conviction has not been obtained. Fla.R.Crim.P. 3.701(d)(11); Pursell v. State, 483 So.2d 94 (Fla. 2d DCA 1986); Allen v. State, 479 So.2d 257 (Fla. 2d DCA 1985).
Because both of these reasons for departing are insufficient as a matter of case law in interpreting the guidelines sentencing statute, I do not think that the failure of the trial judge to articulate them at the sentencing hearing is an additional error and ground to reverse the sentence in this case as argued by appellant. This is in contrast to the situations in State v. Hohl, 431 So.2d 707 (Fla. 2d DCA 1983) and Scruggs v. State, 463 So.2d 487 (Fla. 2d DCA 1985) where the accuracy of the guidelines scoresheet was in issue, and one party was denied the right to hear and rebut evidence presented to the court by the other party. However, as in this case, a defendant's rights are normally adequately protected if the evidence or basis for the grounds to depart are presented at the sentencing hearing, and the defendant is given due opportunity to rebut such evidence or question its accuracy.
The majority gives as their additional ground for reversing the sentence in this case the failure of the trial judge to give contemporaneous written reasons for departing from the presumptive sentence range. I think this ground in this case is inapplicable, and that is why I do not concur in the majority opinion. The majority infers in this case that the sentencing judge additionally erred because he did not prepare and write and read the reasons for departing at the sentencing hearing. Although the Supreme Court of Florida is the source for the adjective "contemporaneous" in State v. Oden, 478 So.2d 51 (Fla. 1985), I do not think, from the context of that case and State v. Jackson, 478 So.2d 1054 (Fla. 1985), which the court relied upon in Oden, that the court meant to require trial courts to produce their written reasons for departure at the sentencing hearing.[2]
Both Oden and Jackson involved cases where the sentencing judge failed altogether to give written reasons for departure. The "contemporaneous" language can therefore be read as contemporaneous with the imposition of the written sentence rather than the sentencing hearing. Logically, that interpretation best comports with the language written by Judge Barkett in Boynton v. State, 473 So.2d 703, 707 (Fla. 4th DCA), aff'd, 478 So.2d 351 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986), which was quoted extensively in Jackson:
Much is said at hearings by many trial judges which is intentionally discarded by them after due consideration and is deliberately omitted in their written orders... .
[T]he development of the law would best be served by requiring the precise and considered reasons which would be more likely to occur in a written statement than those tossed out orally in a dialogue at a hectic sentencing hearing.
I am also concerned about the practicality and fairness of requiring the trial judge to produce "contemporaneous" written reasons for a departure sentence at the sentencing hearing. That obviously means the sentencing judge must prepare the written reasons for departing in advance of the hearing where evidence relating to the sentence will be given. Those reasons for departure prepared before the hearing *1225 clearly would be vulnerable to the attack that they were not based on evidence presented, and therefore violated the defendant's due process rights. Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); United States v. Gonzalez, 661 F.2d 488 (5th Cir.1981); Porter v. State, 400 So.2d 5 (Fla. 1981). This cannot be the best appellate interpretation of Rule 3.701(d)(11).
NOTES
[1] Fla.R.Crim.P. 3.701(b)(6) & (d)(11).
[2] The delay in filing written reasons by the trial judge on July 16, 1985, approximately five weeks after entering the written sentence (June 7, 1985), is surely not material. The need for written reasons was not clear in this district until Jackson was decided in October 1985. Post-Jackson, we have routinely granted motions to relinquish jurisdiction to trial courts so that written reasons for departing can be put on record prior to our review.