ON MOTION TO RELINQUISH JURISDICTION
GLICKSTEIN, Judge.
The state moves this court to relinquish jurisdiction so that the trial court may file a written order justifying departure from the sentencing guidelines. Appellant opposes the motion. He suggests the trial court may not even have intended to depart from the sentencing guidelines: no reasons, oral or written, justifying departure, were given at the sentencing in the presence of appellant and his counsel. See *359 State v. Oden, 478 So.2d 51 (Fla.1985); State v. Jackson, 478 So.2d 1054 (Fla.1985); Boynton v. State, 473 So.2d 703 (Fla. 4th DCA 1985).
Appellant calls attention to the opinion in Jones v. State, 11 F.L.W. 1545 (Fla. 1st DCA July 15, 1986), wherein, in somewhat similar circumstances, the First District Court expressed the view it was more efficient to let the appeals process take its course than to relinquish jurisdiction. We think the facts of Jones distinguish it. There, oral reasons for the departure appeared on the record, arguably subject to evaluation on appeal. It may also have been apparent that there were other points on appeal. Here, the face of the record reveals that neither oral nor written reasons were given, and that the three consecutive sentences meted out exceed the guidelines sentence.
We grant appellee’s motion, and relinquish jurisdiction to the trial court for thirty days, commending to its attention rule 3.701(d)(12), Florida Rules of Criminal Procedure. Cognizant of appellant’s proper concerns, we point out that the trial court retains the option, if it chooses, of imposing sentence within the guidelines; but if it intends to depart from the guidelines, appellant and his counsel should be present when the court pronounces sentence, and the court must provide a contemporaneous written statement of the clear and convincing reasons for the departure. Oden; Jackson. See also Elkins v. State, 489 So.2d 1222 (Fla. 5th DCA 1986).
LETTS and GUNTHER, JJ., concur.