540 So.2d 146 (1989)
Ernest CHERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1350.
District Court of Appeal of Florida, Fourth District.
March 8, 1989.
Rehearing Denied April 19, 1989.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
RIVKIND, LEONARD, Associate Judge.
Appellant was convicted of aggravated battery with a firearm under count one and possession of a firearm while in the commission of a felony under count two. He was sentenced to five years' imprisonment with a three-year minimum mandatory on each count to run concurrently.
Aggravated battery is defined as a second-degree felony.[1] Appellant's conviction was reclassified pursuant to section 775.087(1)(b), Florida Statutes (1987), and was scored as a first-degree felony. Defense *147 counsel made no objection to the scoresheet.
Such enhancement is permissible under the statute but not where, as is the case here, the use of a weapon or firearm is an "essential element" of the felony charged. Pinkerton v. State, 534 So.2d 425 (Fla. 5th DCA 1988).
Scoresheet errors that are evident in the record, which also result in a departure from the sentencing guidelines, do not require a contemporaneous objection at trial to be preserved for appeal. Merchant v. State, 509 So.2d 1101 (Fla. 1987) (citing State v. Whitfield, 487 So.2d 1045 (Fla. 1986)).
Accordingly, we vacate the sentence below and remand this cause with directions to impose a sentence as a second-degree felony consistent with the guidelines.
Appellant's possession of a firearm arose from the same actions upon which his conviction for aggravated battery with a firearm is based.[2] We have therefore concluded that appellant's conviction on count two violates the jeopardy clauses of the state and federal constitutions and must accordingly be set aside. Hall v. State, 517 So.2d 678 (Fla. 1988); Carawan v. State, 515 So.2d 161 (Fla. 1987); Hurd v. State, 536 So.2d 361 (Fla. 3d DCA 1988).
Reversed and remanded with directions.
DOWNEY and ANSTEAD, JJ., concur.
NOTES
[1] § 784.045(2), Fla. Stat. (1987).
[2] The crime involved herein was committed on July 31, 1986, whereas the amendment to section 775.021(4) became effective July 1, 1988.