565 So.2d 1329 (1990)
James REE, Petitioner,
v.
STATE of Florida, Respondent.
No. 71424.
Supreme Court of Florida.
July 19, 1990.
*1330 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Amy Lynn Diem, Joan Fowler and Georgina Jimenez-Orosa, Asst. Attys. Gen., for respondent.
PER CURIAM.
Upon petition for rehearing, we withdraw our prior opinion in this case and substitute the following as the opinion of the Court.
We have for review Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987), based on express and direct conflict with Lambert v. State, 545 So.2d 838 (Fla. 1989). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. Although jurisdiction was granted based on conflict, the opinion below also certified the following question of great public importance:
Must a trial court produce written reasons for departure from the sentencing guidelines at the sentencing hearing?
Ree, 512 So.2d at 1086.
James Ree pled nolo contendere to burglary, possession of burglary tools, and criminal mischief. The trial court withheld adjudication and placed Ree on two years' probation.[1] Eight months later, the state filed an affidavit alleging that Ree had violated his probation by committing sexual batteries on two minors. Id.
Subsequently, the trial court revoked Ree's probation, adjudicated him guilty of the initial charges, and sentenced him to a total of ten and one-half years in prison.[2] This constituted a six-cell upward departure from the guidelines' recommended sentence. Five days later, the sentencing judge signed a written order citing four reasons justifying the guidelines departure. Id. These reasons were:
1. That substantial psychological and emotional trauma has [sic] been caused to the victim as a result of the Defendant's acts which have led to this violation of probation, the magnitude of which may only be fully realized at a stage much later in her life.
2. The Defendant was on probation for less than eight months before he committed the acts for which he is in violation leading this Court to conclude he is not suitable for rehabilitation.
3. The acts leading to this probation violation are sufficiently egregious and severe to warrant a substantial departure because he has satisfied the court's conscience of his having committed a crime still classified as capital under Florida law.
4. The Defendant's acts while on probation indicate a trend toward criminality of increasing severity and indicate the Defendant's sociopathic tendencies making departure essential for the safety and well being of the public.
The district court found the first two reasons valid and supported by the record. *1331 However, it reversed the third as invalid and found the fourth to be unsupported in the record. Id. Accordingly, the Fourth District reversed and remanded for a new sentencing hearing as required in Albritton v. State, 476 So.2d 158 (Fla. 1985).
We recently have held that any departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines. Lambert, 545 So.2d at 842. Accord State v. Tuthill, 545 So.2d 850, 851 (Fla. 1989); Franklin v. State, 545 So.2d 851, 852-53 (Fla. 1989).
The rationale for our holding in Lambert is, first, that the guidelines do not permit departure based on an "offense" of which the defendant may eventually be acquitted. Lambert, 545 So.2d at 841 (citing Fla.R. Crim.P. 3.701(d)(11) & accompanying committee note). Second, even if the defendant has been convicted of the offense, departure is equally impermissible because it constitutes double-dipping. The trial court is imposing a departure sentence for probation violation; simultaneously, the guidelines automatically aggravate the sentence for the separate offense that constituted the violation. Id. Finally, violation of probation is not a substantive offense in Florida and cannot be the vehicle for a departure under the basic policies of the guidelines. Id. at 841-42. Thus, the trial court erred in imposing any departure sentence greater than the one-cell upward increase permitted by Lambert.
We turn now to the certified question. Section 921.001(6), Florida Statutes (1987), provides:
The sentencing guidelines shall provide that any sentences imposed outside the range recommended by the guidelines be explained in writing by the trial court judge.
(Emphasis added.) This basic policy has been implemented by rule of this Court. Florida Rule of Criminal Procedure 3.701(b)(6) states in pertinent part that
departures from the presumptive sentences established in the guidelines shall be articulated in writing ....
(Emphasis added.) Florida Rule of Criminal Procedure 3.701(d)(11) states in pertinent part:
Any sentence outside of the permitted guideline range must be accompanied by a written statement delineating the reasons for departure.
(Emphasis added.)
The statutes and rules quoted here were analyzed in State v. Jackson, 478 So.2d 1054 (Fla. 1985). In Jackson, we held that the trial court's failure to enter written reasons required the appellate court to vacate the departure sentence and remand for resentencing. Id. at 1055-56. In the companion case of State v. Oden, 478 So.2d 51, 51 (Fla. 1985) (quoting Oden v. State, 463 So.2d 313, 314 (Fla. 1st DCA 1984)), we approved the First District's holding that
"[i]t was reversible error for the trial court to depart from the guidelines without providing a contemporaneous written statement of the reasons therefor at the time each sentence was pronounced."

(Emphasis added.) We conclude that Jackson and Oden compel us to answer the certified question in the affirmative and require that written reasons be issued at the time of sentencing. This holding, however, shall only be applied prospectively.
We acknowledge the concerns expressed by the court below when it agreed with Judge Sharp's special concurrence in Elkins v. State, 489 So.2d 1222 (Fla. 5th DCA 1986). See Ree, 512 So.2d at 1086. Judge Sharp had noted in Elkins:
I am also concerned about the practicality and fairness of requiring the trial judge to produce "contemporaneous" written reasons for a departure sentence at the sentencing hearing. That obviously means the sentencing judge must prepare the written reasons for departing in advance of the hearing where evidence relating to the sentence will be given. Those reasons for departure prepared before the hearing clearly would be vulnerable to the attack that they were not based on evidence presented, and therefore violated the defendant's due process rights.
*1332 489 So.2d at 1224-25 (Sharp, J., concurring specially) (emphasis in original).
We agree with Judge Sharp that the sentencing guidelines and accompanying rules do not permit a trial court to decide a sentence before giving counsel an opportunity to make argument. Fundamental principles of justice require that decisions restricting a person's liberty be made only after a neutral magistrate gives due consideration to any argument and evidence that are proper. However, we are equally persuaded that the statute and rules that create the sentencing guidelines require written reasons for departure that are "contemporaneous." Oden. To be "contemporaneous," reasons must be issued at the time of sentencing.
We do not believe the requirements of the guidelines and the concerns raised by Judge Sharp are irreconcilable. When the state has urged a departure sentence, the trial court has three options. First, if the trial judge finds that departure is not warranted, he or she then may immediately impose sentence within the guidelines' recommendation, or may delay sentencing if necessary. Second, after hearing argument and receiving any proper evidence or statements, the trial court can impose a departure sentence by writing out its findings at the time sentence is imposed, while still on the bench. Third, if further reflection is required to determine the propriety or extent of departure, the trial court may separate the sentencing hearing from the actual imposition of sentence. In this event, actual sentencing need not occur until a date after the sentencing hearing.
We realize this procedure will involve some inconvenience for judges. However, a departure sentence is an extraordinary punishment that requires serious and thoughtful attention by the trial court.
For the foregoing reasons, we answer the certified question in the affirmative, quash the opinion below and remand this case for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The trial court ordered two years' probation for burglary, two years' probation for possession of burglary tools, and one year probation for criminal mischief, with all terms running concurrently.
[2] The trial court sentenced Ree to five years for burglary, five years for possession of burglary tools, and six months for criminal mischief, with all sentences to run consecutively. Ree v. State, 512 So.2d 1085, 1086 (Fla. 4th DCA 1987).