WILLIS, BEN C., Associate Judge.
This is an appeal from a sentencing guideline departure. Appellant appeared for resentencing on May 23, 1989, following Smith v. State, 537 So.2d 982 (Fla.1989), which rendered appellant’s original sentencing in 1984 invalid. Appellant opted at resentencing to again be sentenced under the guidelines; and the trial judge opted again to depart from the guidelines. Both the sentence and the reasons for departure mirrored the original sentencing. Appellant argues that the trial judge violated the departure procedure mandated by Ree v. State, 565 So.2d 1329 (Fla.1990), and that several of the reasons for departure have been found invalid since appellant’s original sentencing. We affirm.
After the parties to this appeal submitted their briefs, the supreme court withdrew its opinion in Ree and substituted Ree v. State, 565 So.2d 1329 (Fla.1990). The supreme court adhered to its holding that departure reasons must be produced and issued at the time of sentencing, but added in its substitute opinion that the holding “shall only be applied prospectively.” Id. at 1331. The procedures outlined in Ree are therefore inapplicable to this case.
We note that written departure reasons which are clearly identified and available to counsel at the sentencing may be deemed contemporaneously provided and in accordance with State v. Oden, 478 So.2d 51 (Fla.1985). The trial judge heard arguments of counsel before pronouncing resentence; and the original sentencing and the subsequent resentencing were based on the same facts and evidence. Under those circumstances, a judge does not commit error solely by making the same judgment twice.
While some of the reasons for departure may now be invalid, some are valid. The valid reasons include: (1) some of the victims were police officers, State v. Baker, 483 So.2d 423 (Fla.1986); (2) appellant evinced a flagrant disregard for the safety *821 of others, Scurry v. State, 489 So.2d 25 (Fla.1986); and (3) the circumstances surrounding the apprehension of appellant were severe, Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984). Because the offenses were committed in 1983, our review is guided by Albritton v. State, 476 So.2d 158 (Fla.1985). See State v. McGriff, 537 So.2d 107 (Fla.1989).
As very aptly stated in Garcia v. State,
Decisions from our sister courts show that we are in accord in our views that the trial courts continue to have the same broad sentencing discretion conferred upon them under the general law, subject only to certain limitations or conditions imposed by the guidelines, which are to be narrowly construed so as to encroach as little as possible on the sentencing judge’s discretion, but whose specific directives we are required to recognize and enforce in a manner consistent with the guidelines’ stated goals and purposes_ We note ... Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984), regarding the proper standards for reviewing a trial court’s decision to sentence the defendant outside of the guidelines’ recommended sentence range. There the court found that the rule’s use of the term ‘clear and convincing reasons’ for departing from the guideline’s recommended sentence did not mandate that a reviewing court ‘reevaluate’ the trial court’s exercise of sentencing discretion. ‘Rather, our role is to assure that there is no abuse of that discretion. Here the trial judge stated his basis for departing from the guidelines in writing and imposed a sentence within the statutory parameters. Given this factual situation, no abuse of discretion is shown.’
454 So.2d at 717 (citations omitted).
Applying these principles to this case and in the light of all of the facts involved in the perpetration of the crimes of which defendant was convicted, we deem that the clearly valid reasons for departure which the state has shown are beyond'a reasonable doubt convincing that the possibly invalid reasons would not have affected the departure sentence. This is in accord with Albritton v. State, 476 So.2d at 160. We find no abuse of discretion in the trial court, and accordingly affirm.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.