SMITH, Judge.
Appellant appeals, contending his departure sentence must be reversed because the trial court did not simultaneously issue the written reasons for departure at the time of sentencing, but filed the written reasons a few hours later. In Ree v. State, 565 So.2d 1329 (Fla.1990), the supreme court held that the trial court must produce written reasons for departure at the sentencing hearing. However, the court de- *69 dared that its holding shall only be applied prospectively, id. at 1331.[1] Appellant was sentenced on September 22, 1989, before the court decided Ree, and thus his sentence is not reversible for the reason that the written reasons for departure were not filed simultaneously with the imposition of sentence. Williams v. State, 565 So.2d 838 (Fla. 1st DCA 1990). We therefore reject appellant’s argument that this is a “pipeline case,” Reed v. State, 565 So.2d 708 (Fla. 5th DCA 1990), and he is entitled to the benefit of the Ree decision.
AFFIRMED.
NIMMONS and ZEHMER, JJ, concur.

. Ree's sentence was nevertheless reversed because his departure sentence for probation vio-Iation exceeded the one-cell increase permitted by the sentencing guidelines. Ree, 565 So.2d at 1331.