572 So.2d 29 (1990)
Carl PITTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0475.
District Court of Appeal of Florida, Fourth District.
December 28, 1990.
*30 Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lynn Waxman, Asst. Atty. Gen., West Palm Beach, for appellee.

OPINION ON REHEARING
HERSEY, Chief Judge.
We affirm appellant's convictions, finding no merit in any of the three points on appeal dealing with the trial phase of these proceedings. We reverse the sentences, however, and remand for resentencing based upon the following errors.
It was impermissible to reclassify the offense in Count I from a second-degree felony to a first-degree felony. While appellant was charged with attempted first-degree murder, he was actually convicted of the lesser-included offense of aggravated battery with a firearm. Since use of a firearm is an essential element of this crime, reclassification under section 775.087(1)(b), Florida Statutes (1987), was inappropriate. See Cherry v. State, 540 So.2d 146 (Fla. 4th DCA 1989). See also Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1981).
A trial court must issue an order containing written reasons for departure from a guidelines sentence at the time of sentencing. Ree v. State, 565 So.2d 1329 (Fla. 1990). A considerable period of time elapsed between the sentencing hearing and rendition of the departure order here. Thus, we are compelled to reverse and remand under Ree. We do not need to apply Ree retroactively to reach this result because this jurisdiction already had established the Ree rule almost two years before appellant's sentencing hearing. See Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987) (opinion quashed by the supreme court but rule reinforced). Therefore, the trial court's failure to provide written reasons for departure at the time of sentencing constitutes reversible error.
On remand, the trial court is directed to resentence appellant within the guidelines. See Pope v. State, 561 So.2d 554 (Fla. 1990).
Because we are required to reverse and remand for resentencing in any event, it would serve no useful purpose to treat collateral issues raised by appellant in connection with his original sentencing.
We affirm the convictions but reverse and remand for resentencing.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ANSTEAD, J., concurs in part and dissents in part with opinion.
STONE, J., dissents in part and concurs in part with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part.
I agree with the conclusions reached in the majority opinion with the single exception that I would remand with directions that the burglary conviction be reduced to grand theft. See Dakes v. State, 545 So.2d 939 (Fla. 3d DCA 1989).
STONE, Judge, dissenting in part and concurring in part.
In my judgment, it was not error to enhance the aggravated battery sentence to a first degree felony where the offense was committed with a firearm. The purpose of inserting the firearm language into the verdict form was to establish a basis for enhancement. The defendant was not charged with aggravated battery in the information. Rather, he was charged with attempted first degree murder. He received the benefit of a conviction of the lesser offense. If Pittman had been convicted *31 as charged, he would have faced an enhanced sentence because of the firearm. The jury and trial court should be permitted to impose the same enhancement for the lesser offense, particularly as a victim injury supports the conviction for aggravated battery.
In all other respects, I concur in the opinion.