PER CURIAM.
Relying upon Ree v. State, 565 So.2d 1329 (Fla.1990), Kilo contends that he was improperly adjudged and sentenced as an habitual offender under Section 775.-084(l)(a), Florida Statutes (1988 Supp.), because the sentencing judge had drafted in advance of the habitual offender proceeding a written order containing the requisite 775.084 findings which order the judge entered in open court at the conclusion of the habitual offender proceeding.
Assuming, without deciding, that the principles enunciated in Ree are applicable to an habitual offender sentencing proceeding, the sentencing in the instant case occurred on December 11, 1989. In State v. Lyles, 576 So.2d 706 (Fla.1991), the supreme court clarified that Ree applies prospectively to sentences that were imposed after the filing of the final opinion in Ree, or after July 19, 1990. Therefore, the principles discussed in Ree have no applicability to appellant’s sentence.
Appellant also attacks Section 775.-084(l)(a) on various constitutional grounds including due process, equal protection, and separation of powers. We affirm on authority of Bouie v. State, 570 So.2d 1148 (Fla. 1st DCA 1990), and Atkinson v. State, 570 So.2d 1147 (Fla. 1st DCA 1990), citing to Smith v. State, 567 So.2d 55 (Fla. 2d DCA 1990); Arnold v. State, 566 So.2d 37 (Fla. 2d DCÁ 1990); Roberts v. State, 559 So.2d 289 (Fla. 2d DCA 1990), dismissed 564 So.2d 488 (Fla.1990); King v. State, 557 So.2d 899 (Fla. 5th DCA 1990), rev. denied, 564 So.2d 1086 (Fla.1990). Cf. Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990).
AFFIRMED.
ERVIN and NIMMONS, JJ., concur.
ZEHMER, J., specially concurs with opinion.