ZEHMER, Judge
(specially concurring).
I concur in the affirmance, but do so with a word of caution. The thrust of appellant’s argument against the trial court’s having come to the hearing with a sentencing order already prepared strongly suggests that the court had made up its mind on the sentence to be imposed without first hearing from the defendant. No doubt the supreme court’s decision in Ree v. State, 565 So.2d 1329 (Fla.1990), has put considerable pressure on trial judges to prepare and execute written sentencing orders at the time of hearing, and a simple method for meeting those requirements is to bring a prepared order to the hearing. I have no doubt that such prior preparation of the order in this case did not unduly influence the trial court’s decision on the sentence imposed and that appellant has shown no significant prejudice due to this fact. However, the appearance of having prejudged the issue before hearing from the parties is a necessary concomitant of a court’s preparing such findings and sentence prior to the hearing at which the court is to receive evidence or other information that will affect the ultimate decision. Trial courts should be mindful of this fact and take precautions to assure the *835 parties and the public that the court’s ultimate decision is properly based on the information presented and considered at the hearing.