PER CURIAM.
Vinal Lovely appeals the summary denial of his motion to correct sentence. We affirm.
Lovely was sentenced in 1984 for offenses occurring prior to October 1, 1983. As a result he had, and was given, the option of electing between a guidelines and non-guidelines (i.e., parolable) sentence. He chose the latter. Despite this fact, three of the four issues raised in the motion involve alleged guideline-related errors.[1] Since the sentence was not imposed pursuant to guidelines, these issues are immaterial even assuming they were properly before the court on a motion for post-conviction relief.
Lovely also states that he recently discovered “prison officials” do not consider him parole-eligible because they construe him as serving a guideline sentence. The record contains certain documents, particularly a scoresheet, which could be the source of confusion. However, the written judgment and sentence clearly indicate Lovely was sentenced “outside guidelines.” It is possible that Lovely may have some recourse by seeking a writ of mandamus in the circuit where he is presently confined; see Lowe v. Florida Parole and Probation Comm., 416 So.2d 470 (Fla.2d DCA 1982); but we find no error for the original trial court to correct.
Affirmed.
SCHEB, A.C.J., and HALL and PATTERSON, JJ., concur.

. Lovely argues: (1) guideline departure entered without contemporaneous written findings; Ree v. State, 565 So.2d 1329 (Fla.1990); (2) guideline departure based on the habitual offender statute; Whitehead v. State, 498 So.2d 863 (Fla.1986); and (3) unconstitutional application of rule 3.701; Smith v. State, 537 So.2d 982 (Fla.1989).