POLEN, Judge.
Austin Powell appeals his judgment and sentence for possession and sale of cocaine, plus violations of probation from two prior cases. He challenges the validity of his sentence, both as an impermissible upward departure from the sentencing guidelines, and because it was conducted via closed circuit video procedures. We agree with appellant on both points and reverse.
Appellant’s permitted guideline range called for two and one-half to five and one-half years in state prison. The trial court departed from the guidelines and sentenced him to fifteen years, based on the court’s oral pronouncement that he was relying on appellant’s prior record, his disrespect for the law, and his stated intention to resume his criminal conduct upon his release from incarceration. The court’s written order, entered a few days later, contained essentially the same grounds for departure. (Since we cannot determine the precise date of sentencing from the record, we cannot say how many days later the written order issued. However, as noted below, it makes no difference in this context.)
In Ree v. State, 565 So.2d 1329 (Fla.1990), the supreme court held that a trial court has two options when departing from sentencing guidelines. First, it can write out its findings at the time sentence is imposed, while still on the bench with the defendant present. Second, it can separate the sentencing hearing from the actual imposition of sentence. Either way, the written order of departure must be entered contemporaneously with the sentencing.
While Ree provides that it should be applied only prospectively, and the order here on appeal was entered some three days before the Ree opinion issued, we addressed just such a scenario in Pittman v. State, 572 So.2d 29 (Fla. 4th DCA 1990). In Pittman, we held that it was not a retroactive application of the supreme court’s decision in Ree. Since the fourth district’s similar ruling in Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987) (opinion quashed by the supreme court but rule enforced), the rule had been in effect in *1249 this district since 1987. We have considered State v. Lyles, 576 So.2d 706 (Fla.1991), and deem it inapplicable here. Accordingly, we must reverse for failure of the trial court to enter contemporaneous written reasons for his departure.
Appellant also assigns as error, and appellee agrees, that the appellant/defendant was sentenced while he was in the jail and the trial judge and both counsel were in the courtroom, communicating with defendant via closed circuit video equipment. This procedure was held to be reversible error by us in Jacobs v. State, 567 So.2d 16 (Fla. 4th DCA 1990), although we are in sympathy with the thoughts expressed by Judge Letts in his concurring opinion in Thomas v. State, 574 So.2d 323 (Fla. 4th DCA 1991). Hence, this issue also requires reversal for resentencing, and under the mandates of Ree and Pittman, the trial court is limited to sentencing appellant within the guidelines.
REVERSED AND REMANDED.
STONE, J., and WALDEN, JAMES H„ Senior Judge, concur.