591 So.2d 649 (1991)
Marcus Emilio RIVAS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2473.
District Court of Appeal of Florida, Fourth District.
December 11, 1991.
*650 Robert G. Udell of Robert G. Udell, P.A., Stuart, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Marcus Rivas appeals from an armed robbery conviction and sentence. We affirm appellant's conviction, but vacate the trial court's imposition of a three-year minimum mandatory sentence for possession of a firearm and remand for resentencing within the guidelines.
The record shows that the jury failed to make a finding that appellant possessed the firearm during the commission of the robbery. Actual possession of a firearm during the commission of the felony is not a necessary element of the crime of robbery with a firearm. Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA), cause dismissed, 444 So.2d 417 (1983). However, the three-year mandatory penalty under section 775.087, Florida Statutes (1983) cannot be imposed on a defendant found guilty of armed robbery, in which he participated with others, in the absence of a jury finding that the defendant had the firearm in his actual possession. See Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984). In State v. Overfelt, 457 So.2d 1385 (Fla. 1984), the supreme court agreed with, and quoted, this court's previous holding in the same case,
"that before a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating."
Id. at 1387; see Overfelt v. State, 434 So.2d 945, 948 (Fla. 4th DCA 1983). We hold that the trial court erred when it sentenced appellant to a three-year mandatory sentence under section 775.087.
The state concedes that the trial court failed to issue a contemporaneous order containing written reasons for departure from the sentencing guidelines. See Ree v. State, 565 So.2d 1329 (Fla. 1990). Accordingly, we reverse the sentence imposed by the trial court and remand this case for sentencing within the guidelines. See Pope v. State, 561 So.2d 554 (Fla. 1990) and Pittman v. State, 572 So.2d 29 (Fla. 4th DCA 1990).
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DELL, GARRETT and FARMER, JJ., concur.