668 So.2d 1087 (1996)
STATE of Florida, Appellant,
v.
Lintalliferro CHANDLER, Appellee.
No. 95-1952.
District Court of Appeal of Florida, First District.
March 5, 1996.
*1088 Robert A. Butterworth, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, for Appellee.
PER CURIAM.
The state appeals the downward departure sentence given the defendant by the trial court below and raises two issues. Because the trial court did not abuse its discretion by imposing a downward departure based on one of the three reasons given, we are obliged to affirm.
The court imposed a sentence of 36 months' imprisonment to be followed by two years of probation. The order states that the court did not find this to be a departure sentence because when the prison time is added to the number of months on probation, the total falls within the recommended guidelines sentence range. The order also lists three factors to support downward departure in the event the sentence is determined to be a departure sentence.
The trial court's imposition of a 36-month term of imprisonment followed by 24 months of probation clearly constitutes a downward departure in this case. Section 921.0014, Florida Statutes, provides that "[i]f the total sentence points are greater than 40 and less than or equal to 52, the decision to incarcerate in a state prison is left to the discretion of the court. If the total sentence points are greater than 52, the sentence must be a state prison sentence calculated by total sentence points." Appellee's sentencing scoresheet shows total sentence points of 95.2. His guidelines scoresheet permissible sentencing range is 50 to 84 "State Prison Months." The trial court is not authorized to depart downward from the recommended guidelines state prison sentence without written reasons. § 921.0016(1)(b), Fla.Stat. (1993). Because the trial court gave reasons for downward departure in the instant case, however, resolution of this issue is not determinative of this appeal.
A court may impose a departure sentence based on factors which are reasonably justified and are established by a preponderance of the evidence. § 921.001(6), Fla.Stat. (Supp.1994). An appellate court's task is only to review these factors and to determine whether the trial court abused its discretion. See State v. Mischler, 488 So.2d 523 (Fla.1986); Holmes v. State, 569 So.2d 820 (Fla. 1st DCA 1990), review denied, 581 So.2d 1308 (Fla.1991). We are obliged to uphold the sentence if one factor justifies departure regardless of whether other factors are found not to justify departure. § 921.001(6), Fla.Stat. (Supp.1994). In the instant case, the trial court found that the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse. See § 921.0016(4)(j), Fla.Stat. (1993). We find the trial court did not abuse its discretion by imposing a downward departure sentence based on this factor, and we affirm.
AFFIRMED.
MINER, WEBSTER and LAWRENCE, JJ., concur.