PER CURIAM.
Appellant, Gordon Redd, appeals his conviction and sentence for attempted second degree murder with a firearm, robbery with a firearm, burglary of an occupied structure with a firearm, false imprisonment with a firearm, and aggravated assault with a firearm. We affirm Appellant’s conviction and sentence, but vacate that portion of the sentence imposing a three-year minimum mandatory sentence for possession of a firearm.
Section 775.087(2), Florida Statutes (1993), provides that any person convicted of murder, robbery, burglary, or aggravated battery, who had in his or her possession a firearm, must be sentenced to a minimum three-year prison term. However, even though sufficient evidence exists to uphold a conviction, this does not mean that an enhanced sentence may be imposed under section 775.087 merely on the basis of the finding of guilt. Hough v. State, 448 So.2d 628, 629 (Fla. 5th DCA 1984). Where the defendant participated in the crime with others, the three-year mandatory penalty under section 775.087(2) cannot be imposed in the absence of a jury finding that the defendant was in actual possession of the firearm. Leonard v. State, 660 So.2d 1172 (Fla. 4th DCA 1995); see State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984); Rivas v. State, 591 So.2d 649 (Fla. 4th DCA 1991).
In the instant case, Appellant committed the crimes with two accomplices. The evidence at trial did not conclusively establish that Appellant was in actual possession of a firearm. Thus, since the jury did not make a specific finding that Appellant was in possession of a firearm, the three-year mandatory minimum sentence must be set aside. Leonard, 660 So.2d at 1172; Rivas, 591 So.2d at 649. Accordingly, we remand to the trial court with directions to delete the three-year prison term from Appellant’s sentence. Leonard, 660 So.2d at 1172.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GUNTHER, C.J., and WARNER and KLEIN, JJ., concur.