691 So.2d 540 (1997)
STATE of Florida, Appellant,
v.
Michael A. HERRICK, Appellee.
No. 96-2760.
District Court of Appeal of Florida, Fifth District.
April 4, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellant.
James M. Campbell, Orlando, for Appellee.
HARRIS, Judge.
Michael A. Herrick pled to six counts of lewd and lascivious acts in the presence of a child. Pursuant to his plea agreement entered into with the court and not with the State,[1] he was sentenced to a downward departure sentence of community control and probation. The State appeals and we reverse.
The purported basis for the court's departure was that the defendant needed special treatment and that he was amenable to treatment. The court was apparently relying on the provisions of section 921.0016(4)(d), Florida Statutes, which makes the following a mitigating circumstance which the court may consider when sentencing:
(d) The defendant requires specialized treatment for addiction, mental disorder, or physical disability, and the defendant is amenable to treatment.
While we are not convinced that defendant's conduct in this case is what the legislature meant by "mental disorder," the State raises on appeal only the fact that absolutely nothing in the record justifies the finding by the court that specialized treatment was warranted or that defendant would be amenable to such treatment. Herrick refers us to State v. Chandler, 668 So.2d 1087 (Fla. 1st DCA 1996), as support for his position that the court may properly make this decision. But the Chandler court properly recognized the requirement of section 921.001(6), Florida Statutes, which provides: "A court may impose a departure sentence outside the sentencing guidelines based upon circumstances or factors which reasonably justify aggravation or mitigation of the sentence in accordance with s. 921.0016. The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence." (Emphasis added.)
In this case, the court accepted a plea agreement opposed by the State and sentenced to a downward departure without any supporting evidence. This was error. The court should permit Herrick to withdraw his plea and go to trial or, if he chooses not to withdraw his plea, sentence him to a guideline sentence.
REVERSED for further proceedings consistent with this opinion.
W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] We are unaware of any authority for this highly unusual contractual arrangement.