HARRIS, Judge,
concurring and concurring specially:
I agree that the cause must be reversed because the record does not support the downward departure. I write to explain why I agree that the defendant should be permitted to withdraw his plea rather than merely being resentenced to a guideline sentence.
This is another case in which the trial judge, over the objections of the State, entered into his own agreement with the defendant. The defendant agreed with the State to plead to certain counts of the information in exchange for a nol prosse of other counts and the State’s recommendation for a guideline sentence. Under this agreement, the court would not be required to accept the State’s recommendation and could, with appropriate record support and for sufficient reason, either upward or downward depart. But the problem here is that the defendant would not accept the State’s agreement unless the court agreed to downward depart even though the State would not agree to that condition. The record reflects the following agreement by the court relating to the sentence for this felony as understood by the defendant:
DEFENSE ATTORNEY: In accordance with [the plea agreement] the State is seeking a guideline sentence, and would be nolle prossing count two of the information. The court has indicated that it would sentence Mr. Ellis to 51 weeks in the Orange County jail with credit for time served followed by one year of community control ...
In State v. Herrick, 691 So.2d 540 (Fla. 5th DCA 1997), we questioned the authority of the court to enter into a plea agreement without the State’s concurrence. In State v. Gitto, 1998 WL 335787 (Fla. 5th DCA 1998), we held that no such authority exists. It is the defendant’s reliance on the court’s unauthorized agreement to downward depart that justifies our permitting him to withdraw his *365 pleas. If he elects to stand by his pleas, then the court should sentence him to a guideline sentence.