WARNER, Judge.
Over the objection of the state, the trial court entered a downward departure sentence upon appellee’s plea to racketeering and organized fraud based upon a scheme whereby telemarketers offered telephone callers non-existent overseas jobs for a fee. Because there was no evidentiary basis for the departure sentence, we reverse.
Prior to entering a plea, appellee moved for a downward departure sentence, asserting that he was “a relatively minor participant in the criminal conduct,” see section 921.0016(4)(b), Florida Statutes (1993), and i‘the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse,” see section 921.0016(4)(j). The trial court held two hearings on the motion. At neither hearing did appellee’s attorney offer any evidence to support the grounds for departure, instead relying on argument that his client’s participation was minor and that he had shown remorse. Moreover, he alleged that his client would be more capable to pay restitution to the victims if he were working. The trial court offered the appellant a couple of options and noted that it could downward depart based upon the need for restitution. No evidence was offered as to restitution.
At the second hearing, the state proffered the testimony of the investigating detective to refute appellee’s counsel’s uncorroborated assertion at the prior hearing that appellee was a minor participant in the fraudulent scheme. The detective explained the telemarketing operation and concluded that during the two months that appellee had worked for the company he had completed 61 fraudulent deals, totalling $15,190.
The trial court sentenced appellee to a downward departure sentence, stating as reasons for departure that it was “more important that restitution be made than defendant be imprisoned,” and that appellee was a relatively minor participant. “A trial court may impose a departure sentence based on factors which are reasonably justified and are established by a preponderance of the evidence.” State v. Chandler, 668 So.2d 1087, 1088 (Fla. 1st DCA 1996).
Since the offenses in the present ease were committed in 1992, and appellee made no “affirmative election” to be sentenced under the 1994 amended guidelines, the 1991 sentencing guidelines apply. See Bello v. State, 547 So.2d 914, 919 (Fla.1989). With regard to departure sentences, section 921.001(5), Florida Statutes (1991), provides, in pertinent part:
A departure sentence shall be based upon circumstances or factors which reasonably justify the aggravation or mitigation of the sentence. The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence.
(emphasis added); see also Green v. State, 662 So.2d 748, 749-50 [Fla. 4th DCA 1995); Chandler, 668 So.2d at 1088.
At the pre-plea and the sentencing hearings, appellee presented only legal argument to support his proposed departure grounds; the state vigorously objected to appellee’s factual contentions and introduced the detective’s testimony to refute same. Appellee failed to introduce any evidence to refute this testimony concerning the “minor participant” departure ground. Appellee also did not provide any evidence, e.g., a victim’s testimony, that restitution to the victims was more important than incarceration. Since the state introduced the only “evidence” at the sentencing hearing, it necessarily follows that appellee could not have met his burden of proving the existence of a departure ground “by a preponderance of the evidence,” as *224 required by section 921.001(5), where he presented only legal argument.
In addition, this court has previously condemned the widespread practice of trial counsel presenting only argument in lieu of evidence to establish certain facts:
the practice we wish to see terminated is that of attorneys making unsworn statements of fact at hearings which trial courts may consider as establishing facts. It is essential that attorneys conduct themselves as officers of the court; but their unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.
Leon Shaffer Golnick Adver. Inc. v. Cedar, 423 So.2d 1015, 1016-17 (Fla. 4th DCA 1982); see also Sabina v. Dahlia Corp., 650 So.2d 96, 99 (Fla. 2d DCA 1995)(in absence of stipulation, trial court unable to make factual determination based solely on attorney’s un-sworn statements); Houck v. State, 421 So.2d 1113, 1115-16 (Fla. 1st DCA 1982)(trial court erred in soliciting and considering attorney’s unsworn testimony). In the instant case, the error resulting from counsel’s improper presentation of only unsworn testimony resulted in the trial court’s reliance on the unsworn representations in departing from the guidelines sentence.
Where, as here, appellee presents no evidence in support of a downward departure sentence, he fails to meet the burden of proving a departure factor by a preponderance of the evidence. See State v. Licea, 707 So.2d 1155, 1157 (Fla. 2d DCA 1998)(down-ward departure factors applied by trial court “were not proven by a preponderance of the evidence because no testimony or evidence was presented”); State v. Chesney, 509 So.2d 380, 381 (Fla. 2d DCA 1987) (where there is no record evidence establishing downward departure basis, sentence must be reversed; defense counsel’s assertions alone not sufficient to justify departure).
Based on the foregoing, we reverse and remand for resentencing within the guidelines.
STONE, C.J., and GROSS, J., concur.