559 So.2d 349 (1990)
Vasten E. BLAIR, Appellant,
v.
STATE of Florida, Appellee.
No. 89-893.
District Court of Appeal of Florida, First District.
April 4, 1990.
*350 Michael E. Allen, Public Defender; Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
Appellant/defendant appeals his judgment for armed robbery and first-degree murder, arguing that the trial court erred in denying his pretrial motion to suppress two incriminating statements made following his arrest. Appellant also challenges the sentence imposed by the trial court, alleging several bases for reversal.
We affirm the judgment of guilt on both counts, finding ample evidence to support the trial court's conclusion that the consent to search given by appellant's girlfriend, which eventually led to appellant's arrest and subsequent statements, was given voluntarily and not improperly coerced. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).
With regard to appellant's sentence, however, we find it necessary to reverse in part and remand for resentencing. At a hearing on March 23, 1989, the trial court sentenced appellant on the first-degree murder count to life imprisonment without possibility of parole for 25 years. On the armed robbery count, the trial court departed from the recommended guideline sentence of 12-17 years and sentenced appellant to life imprisonment with a three-year mandatory minimum, to run consecutively to the sentence imposed for first-degree murder. Although the trial court announced at the hearing that its departure was based on appellant's escalating pattern of criminal activity, the written order listing this reason was not prepared until after the hearing, and was not filed until March 28, 1989  five days after the hearing.
Initially, we find that the trial court's reason for departure on the armed robbery count was proper. The facts in the record clearly support a pattern of criminal activity escalating from nonviolent property crimes to escape, disorderly conduct, aggravated battery, weapons charges, and finally, in the instant case, armed robbery and first-degree murder. Under these facts, the trial court properly departed from the recommended guidelines sentence based on an escalating pattern of criminality. Keys v. State, 500 So.2d 134 (Fla. 1986); section 921.001(8), Florida Statutes (1987).
We find that the court erred in imposing consecutive mandatory minimum sentences, however, as the evidence establishes that the two offenses arose from a single continuous criminal episode. Palmer v. State, 438 So.2d 1 (Fla. 1983). Additionally, the supreme court has recently held in Ree v. State (Fla. 1989), opinion filed November 16, 1989 [14 F.L.W. 565], that written reasons for departure must be issued at the time sentence is pronounced. Since written reasons in the instant case were not entered until after the March 23, 1989 sentencing hearing, reversal for resentencing according to Ree is required.
Accordingly, we affirm the judgment of guilt on both counts, affirm the sentence in part, and reverse and remand for resentencing. The trial court is instructed that any mandatory minimum sentences must be imposed concurrently, and is directed to follow the mandates of Ree v. State, supra, with regard to the entry of written reasons for departure from the sentencing guidelines.
WIGGINTON and BARFIELD, JJ., concur.