594 So.2d 290 (1992)
Lucious WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 76016.
Supreme Court of Florida.
February 6, 1992.
James Marion Moorman, Public Defender and Megan Olson, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen. and Stephen A. Baker, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
We review Williams v. State, 568 So.2d 1276-77 (Fla. 2d DCA 1990), in which the court certified the following as a question of great public importance:
DOES A SECOND VIOLATION OF PROBATION CONSTITUTE A VALID BASIS FOR A DEPARTURE SENTENCE BEYOND THE ONE-CELL DEPARTURE PROVIDED IN THE SENTENCING GUIDELINES?
Our jurisdiction is based on article V, section 3(b)(4) of the Florida Constitution.
Though phrased in a different manner, this question has been answered negatively in our recent opinion in Williams v. State, 594 So.2d 273 (Fla. 1992). We quash the decision below to the extent that it conflicts with that opinion and remand the case for further consideration. In the event the district court of appeal concludes that all of the other reasons given for departure are invalid, Lucious Williams should be resentenced consistent with the dictates of the Williams opinion cited above.
It is so ordered.
SHAW, C.J. and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.