595 So.2d 291 (1992)
Peter J. O'KEEFE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1354.
District Court of Appeal of Florida, Fifth District.
March 20, 1992.
James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
*292 Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Having withdrawn our previous opinion issued in this case, we substitute the following opinion in its place. In 1988 appellant was placed on probation after having pled nolo contendere to grand theft, a third degree felony. Later that year appellant was charged with violating his probation. Appellant pled nolo contendere to the violation, the trial court adjudicated him guilty of the grand theft offense and modified his probation by extending it for an additional year. In 1990, after appellant violated probation for the second time, the trial court revoked probation and then reimposed probation for a period of five years. In 1991 appellant entered a plea of nolo contendere to his third violation of probation. Appellant's guideline scoresheet reflected a recommended range of any nonstate prison sanction. With the one cell increase for violation of probation, appellant's recommended range authorized incarceration of up to 2 1/2 years.[1] The trial court revoked probation and then departed from the guidelines because of appellant's "repeated violations of probation." Appellant was sentenced to four years incarceration.
In Williams v. State, 594 So.2d 290 (Fla. 1992), the Supreme Court stated that the holding in Williams v. State, 594 So.2d 273 (Fla. 1992), is that in the case of multiple violations of probation, sentences may be bumped one cell or guideline range for each violation. In the instant case, appellant's presumptive sentencing range without any increase for violation of probation is "any nonstate prison sanction." Appellant's sentence of four years represents a three cell increase from the initial presumptive range, a one cell increase for each violation of probation. As such, this sentence falls within the guidelines and is, therefore, affirmed.
AFFIRMED.
COBB and PETERSON, JJ., concur.
NOTES
[1] Appellant committed the grand theft offense prior to July 1, 1988, the effective date of the amendment to Rule 3.988 of the Florida Rules of Criminal Procedure establishing the broader permitted sentencing ranges. § 921.0015, Fla. Stat. (1988 Supp.). Therefore, these permitted ranges are not applicable.