OPINION ON MANDATE
SHIVERS, Judge.
The Supreme Court of Florida reviewed our opinion in Blair v. State, 559 So.2d 349 (Fla. 1st DCA 1990), pursuant to its discretionary review power. Art. V, § 3(b)(3), Florida Constitution; 598 So.2d 1068 (Fla.1992). In Blair, we affirmed appellant’s judgment of guilt on counts of armed robbery and first-degree murder. We held the trial court’s departure from the recommended guidelines sentence on the armed robbery count was proper, based on an escalating pattern of criminality. We found reversible error, however, in the imposition of consecutive mandatory minimum sentences, as the evidence established the two offenses arose from a single continuous criminal episode, the trial court did not prepare the written order listing the reason for departure until after the hearing, and the order was not filed until five days after the hearing. The cause was remanded for resentencing, with instructions that any mandatory minimum sentences be imposed concurrently, and that the written order listing the reason for any departure from the sentencing guidelines be made pursuant to the mandate of Ree v. State, 565 So.2d 1329 (Fla.1989). See 559 So.2d at 350.
The version of Bee on which we relied was subsequently withdrawn by the supreme court, pursuant to a petition for rehearing, and superseded by 565 So.2d 1329, 1330 (Fla.1990). See State v. Lyles, 576 So.2d 706, 707 (Fla.1991). The Supreme Court of Florida accepted jurisdiction of the instant case, based on a conflict with Smith v. State, 598 So.2d 1063 (Fla.1992). Our vacating of Blair’s sentence and remanding for resentencing were approved, based on the interpretation of Ree presented in Smith. See 598 So.2d at 1068. However, the supreme court determined that, under the rationale of Pope v. State, 561 So.2d 554 (Fla.1990), and Shull v. Dugger, 515 So.2d 748 (Fla.1987), the trial court may not impose a new sentence that exceeds the guidelines. 598 So.2d at 1068. Our decision was quashed to the extent that it permits a resentencing above the guidelines.
Pursuant to the mandate of the Supreme Court of Florida filed with this court, our original opinion, filed April 4, 1990, is set aside to the extent that it permits a resen- *1341 tencing above the guidelines, and the opinion and judgment of the supreme court, filed April 2, 1992, are adopted as this court’s opinion and judgment, and same shall accompany our mandate to the circuit court of Santa Rosa County.
WIGGINTON and BARFIELD, JJ., concur.