606 So.2d 470 (1992)
Clenney Terrell DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1514.
District Court of Appeal of Florida, First District.
October 14, 1992.
Nancy A. Daniels, Public Defender, Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Davis appeals a guidelines departure sentence imposed without contemporaneous written reasons for departure. The trial court subsequently resentenced Appellant and issued a written order stating departure reasons after notice of appeal was filed. Because the trial court lacked jurisdiction over the case at the resentencing, we must vacate the unauthorized departure sentence and remand for resentencing within the guidelines. See Ree v. State, 565 So.2d 1329, 1331-32 (Fla. 1990); State v. Lyles, 576 So.2d 706 (Fla. 1991); Jackson v. State, 559 So.2d 456 (Fla. 1st DCA 1990); Hawryluk v. State, 543 So.2d 1318 (Fla. 5th DCA 1989); Fla.R.Crim.P. 3.701(d)(11) and (d)(14) (1989).
Four of Appellant's Bay County cases were consolidated for purposes of appeal. We limit our discussion to the sentence in Case No. 89-374 and do not disturb the other sentences. In 1989, Appellant was *471 convicted of dealing in stolen property and was sentenced to 4 1/2 years' incarceration, followed by six months' probation. Davis violated the terms of probation in 1990 and was placed on six months' community control. In 1991, he violated the terms of community control and the trial court held a sentencing hearing on April 23, 1991.
The appropriate guidelines scoresheet for the primary offense under section 812.019, Florida Statutes (1989), indicated Appellant's 62 points placed him in the third cell. See Manuel v. State, 582 So.2d 823 (Fla. 2d DCA 1991); Fla.R.Crim.P. 3.988(f) (Category 6). A violation of community control subjects a defendant to a sentence in the original cell or in the next higher cell, including the permitted range, without the trial court's providing written reasons for departure. Collins v. State, 596 So.2d 1209 (Fla. 1st DCA 1992); Brown v. State, 581 So.2d 936, 937 (Fla. 1st DCA 1991); McGriff v. State, 578 So.2d 374 (Fla. 1st DCA 1991); Fla.R.Crim.P. 3.701(d)(14) (1989). In Williams v. State, 594 So.2d 290 (Fla. 1992), the supreme court clarified its prior Williams decision, 594 So.2d 273 (Fla. 1992), and held that in case of multiple violations of probation, sentences may be bumped one cell or guideline range for each violation pursuant to Fla.R.Crim.P. 3.701(d)(14). See O'Keefe v. State, 595 So.2d 291 (Fla. 5th DCA 1992). The fourth cell had a permitted range of 2 1/2 to 5 1/2 years' incarceration, but the trial court orally pronounced a 15-year prison sentence, to be consecutive to Case Nos. 86-2174, 88-1989, 89-368, and an unscored Leon County conviction of grand theft in Case No. 91-453. Notice of appeal was filed on May 7, 1991, and ten days later the state moved to correct an illegal sentence, reciting that the trial court had not provided written reasons for the departure sentence. See Ree. A resentencing hearing was held on June 18, 1991, when the trial court entered an order of guidelines departure stating in pertinent part:
The defendant's current violation of probation is based upon a Leon County grand theft conviction which is not scoreable in these cases. The guidelines scoresheet in the Leon County case has been reviewed by the Court and calls for a sentence which greatly exceeds the sentence recommended in these cases.
Appellant's Leon County scoresheet totaled 263 points and indicated a permitted sentencing range of 12 to 27 years' incarceration.
Appellant argued that the trial court reversibly erred in its failure to give written departure reasons at the original sentencing, and that the error was not cured because the trial court resentenced Appellant and issued the written order of departure after jurisdiction had vested with this court. The state acknowledged the holding in Ree but relied on Fla.R.Crim.P. 3.800(a), which provides that "[a] court may at any time correct an illegal sentence imposed by it." See Yates v. State, 556 So.2d 501 (Fla. 1st DCA 1990).
We need not address the general issue of whether Fla.R.Crim.P. 3.800(a) permits a trial court at any time to correct a departure sentence unsupported by contemporaneous written reasons. Our research indicates Davis is entitled to relief because when the written departure reasons were filed subsequent to the filing of notice of appeal, the trial court was without jurisdiction over the case. In Hawryluk, the trial court sentenced the defendant beyond the guidelines but failed to render written departure reasons until three months after pronouncement of sentence. Meanwhile, notice of appeal had been filed. The Fifth District Court held the belated written explanation was ineffectual because the filing of the notice of appeal had vested jurisdiction in the appellate court. The sentence was vacated and the cause remanded for proper resentencing. Id., 543 So.2d at 1318; Pausch v. State, 596 So.2d 1216, 1220 (Fla. 2d DCA 1992); Vara v. State, 575 So.2d 306 (Fla. 2d DCA 1991).
We vacate the unauthorized 15-year departure sentence and remand for the trial court to resentence Appellant within the guidelines. Pope v. State, 561 So.2d 554 (Fla. 1990); Blair v. State, 601 So.2d 1340 (Fla. 1st DCA 1992) (opinion on mandate). The trial court's decision whether to make *472 the sentence consecutive or concurrent is governed by section 921.16(1), Florida Statutes (1989). We affirm the other sentences.
AFFIRMED in part, and VACATED and REMANDED in part for resentencing.
ZEHMER and KAHN, JJ., concur.