DANAHY, Chief Judge.
The defendant appeals her judgment and sentence for trafficking in cocaine, challenging the trial judge’s refusal to allow the defendant to withdraw her plea of guilty. We reverse.
The trial judge accepted the defendant’s plea of guilty at the conclusion of a hearing at which counsel for the defendant and counsel for the state outlined the terms of a plea bargain agreement. It was agreed that the defendant would testify truthfully against a codefendant in exchange for which the state would file a motion pursuant to the substantial assistance statute, section 893.135(3), Florida Statutes (1985), and the defendant would receive probation with the condition that she serve 364 days in jail.
When it came time to testify against her codefendant, the defendant refused to do so. Previously, she had filed a motion to withdraw her plea of guilty and that motion was denied. After her refusal to testify, she again requested that she be allowed to withdraw her plea and the trial judge again denied the request. Subsequently, she was sentenced to four and one-half years imprisonment with a three year mandatory minimum. We believe that, under the circumstances of this case, the trial judge should have allowed the defendant to withdraw her guilty plea.
The transcript of the plea bargain hearing reveals a very thorough examination of the defendant by the trial judge and a detailed explanation by him of the rights which she would relinquish by pleading guilty. The trial judge also recited more than once the maximum sentence for the *885 crime of which the defendant was charged, and the mandatory minimum fine and period of incarceration. However, a fair reading of the colloquy at that hearing reveals that although the defendant was made aware of the consequences if she performed the condition of her plea bargain agreement by testifying against her code-fendant, the trial judge did not make clear to her the consequences if she did not so testify. Under such circumstances, we believe the trial judge should have permitted the defendant to withdraw her plea. Cf. Jackson v. State, 483 So.2d 90 (Fla. 2d DCA 1986) (trial judge did not err in refusing to allow a defendant to withdraw her plea where the defendant had agreed that if her prior criminal record was not as she had represented, the court would not be bound by its promise to limit sentence and, further, she would not be allowed to withdraw her plea).
We reverse and remand with directions that the defendant be allowed to withdraw her plea of guilty.
SCHOONOVER and SANDERLIN, JJ., concur.