GOSHORN, Judge.
John Pettit pled guilty to armed burglary, grand theft of a firearm and grand theft pursuant an agreement with the State requiring him to testify against a codefend-ant and to take a polygraph examination testing his truthfulness. In return, the State agreed to a downward departure sentence of two years’ community control and to release Pettit on his own recognizance pending presentence investigation.
Pettit failed to appear or testify at the codefendant’s trial because, as he explained:
Plus addicted to drugs. I was in cocaine really heavily out there, intravenously and smoking it; so you know, cocaine got the better part of me.
Admitting that he did not comply with his part of the negotiated plea, Pettit moved the court to set aside his plea and proceed to trial. The court refused, sentencing Pet-tit in accordance with the sentencing guidelines. Pettit now argues that the court erroneously refused to allow him to withdraw his plea, citing Coon v. State, 495 So.2d 884 (Fla. 2d DCA 1986). As in the instant case, Coon agreed to testify against a codefendant in exchange for probation. However, unlike Pettit, Coon moved to withdraw her plea prior to her codefend-ant’s trial. We believe this distinction is critical. Here, when Pettit failed to appear at the trial of his codefendant, the State, faced with proceeding without Pettit’s testimony, agreed to a negotiated plea in which his codefendant received probation. Had Pettit moved to withdraw his plea at a point in time when both he and the State could have been restored to their respective pre-plea positions, he would have been entitled to do so. Instead, Pettit waited until the State was irreversibly prejudiced in its prosecution of the codefendant. It is this prejudice which justifies the trial court’s refusal to allow Pettit to withdraw his plea. Parker v. State, 446 So.2d 250 (Fla. 5th DCA 1984).
However, there are several scrivener’s errors made by the preparer of the final judgment requiring correction. First, grand theft of a firearm (section 812.-014(2)(c)3) and grand theft (section 812.-014(2)(c)l) should be specified as third degree felonies. Additionally, the final judgment should reflect that the $200 imposed at sentencing constituted a fine, not $200 additional court costs as stated in the written judgment.
*365 AFFIRMED; REMANDED for correetion of scrivener’s error.
COBB and HARRIS, JJ., concur.