HARRIS, Judge.
Francis X. Wareham appeals his sentence entered after a plea of no contest to manslaughter with a firearm (reduced from first degree murder) and violation of probation (on a previous conviction for burglary). His recommended guideline range was 12 to 17 years. The judge departed and sentenced him to 20 years in prison for the manslaughter conviction to be followed by 5 years in prison for the burglary. Appellant contends the trial court relied on an improper reason for departure. We disagree and affirm the sentence.
As appellant was driving by a bar, the Seville Domain, he saw Gregory Jackson, a man who owed his brother $10.00. A fight ensued between appellant and Jackson. After the fight was broken up, appellant left the area and obtained a firearm. Returning he observed Jackson and between 25-45 people around the bar. Driving by, appellant fired several shots into the crowd; Jackson was killed. Five bullet holes were found in the building between knee and ankle level. Some of the people standing by the victim stated that they believed they were being shot at and were scared.
The judge’s written reason for departure was that “defendant created risk to many people by firing pistol into a crowd of people (35-40 people).” Appellant urges that this is an improper reason for departure because Rule 3.701 d. 11., Florida Rules of Criminal Procedure, provides:
Reasons for deviating from the guidelines shall not include factors relating to prior arrests without convictions. Rea *409 sons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
Surely the shooting into the crowd did not constitute a prior arrest without conviction. And while the shooting into the crowd was a factor relating to the incident, it was not a factor relating to the instant offense. These extra shots into the crowd were not factors in the manslaughter of Jackson.
The Supreme Court held in Scurry v. State, 489 So.2d 25 (Fla.1986) that evincing a flagrant disregard for the safety of others does constitute a clear and convincing reason for departure. Appellant urges that since some of the bystanders were put in fear, to use this as a basis for departure would be to rely on the unconvicted crimes of assault. But appellant misconceives the basis for departure. It is his flagrant disregard for the safety of others that justifies the departure; whether the bystanders were in fear, or even aware of the danger, is unimportant.
AFFIRMED.
COWART and GRIFFIN, JJ., concur.