566 So.2d 560 (1990)
Eric Darwin DOBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-633.
District Court of Appeal of Florida, Fifth District.
August 16, 1990.
Rehearing Denied September 13, 1990.
Robert Augustus Harper, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Eric Darwin Dobson appeals his conviction and sentence for two counts of attempted first degree murder with a firearm. He contends the court erred in restricting his closing argument, in admitting into evidence the fact that a co-defendant pled guilty and in departing from the guideline sentence range. We disagree and affirm.
Dobson and Juan Ward were not friends. Violence often accompanied their contacts. On at least one occasion prior to the events of this case gun shots were involved in their contacts.
In the early morning hours of June 9, 1988, Dobson, Leonard Brooks and Rudy Smith were in Smith's car at Gwen's Inn. Dobson directed Smith to park his car near a convertible in which Juan Ward was sitting with Tony Davis. Dobson and Brooks had firearms. They left the car and approached the convertible. They removed Davis and Ward from the convertible. Several shots were fired leaving both Davis and Ward lying injured in the parking lot. Other people were present during the shooting and one of the bystanders was wounded in the shooting.
Dobson first complains that the trial judge improperly restricted his closing statement. However, the record reflects *561 that the objections sustained by the trial court during defense closing arguments related either to facts not in evidence, counsel opinions or improper statement of the law. See Wright & Ford Millworks, Inc. v. Long, 412 So.2d 892 (Fla. 5th DCA 1982); Singletary v. State, 483 So.2d 8 (Fla. 2nd DCA 1985). No error is shown.
Next, Dobson maintains that it was improper to permit Rudy Smith, originally a co-defendant who appeared as a state witness, to testify that he pled guilty to the offense. However, there was no objection to this testimony and, in fact, Dobson's attorney followed up the inquiry on cross examination and referred to it in his closing argument. Therefore, the issue is not preserved for appeal. Castor v. State, 365 So.2d 701 (Fla. 1978).
Finally, Dobson urges that the trial court erred by departing on the basis that "defendant's crime created an extreme risk of safety to others."[1] Here not only were bystanders put at risk because of this "gangland type" hit outside a public lounge, one was actually injured. This is a sufficient reason for departure. Wareham v. State, 560 So.2d 408 (Fla. 5th DCA 1990).
AFFIRMED.
DANIEL, C.J., and PETERSON, J., concur.
NOTES
[1] The court listed additional reasons which appear improper. However, the sentence should be upheld if at least one reason for departure is appropriate. § 921.001(5), Fla. Stat. (1987).