PATTERSON, Judge.
On remand from Williams [Lucious] v. State, 594 So.2d 290 (Fla.1992), on the departure sentencing issue, we reconsider the remaining reasons for upward departure from the sentencing guidelines.
After revocation of probation, the trial judge sentenced the appellant to a departure sentence of two fifteen year consecutive terms of imprisonment for aggravated battery and third-degree murder. The sentencing guidelines recommended a sentence of seven to twelve years’ imprisonment. The trial judge provided fourteen reasons for the sentencing departure. This court affirmed the sentence based on a second violation of probation as the reason for departure. Subsequently, on a certified question from this court, the supreme court held successive violations of probation to be an invalid reason for departure. Williams [Dennis] v. State, 594 So.2d 273 (Fla.1992) (sentence may be bumped up one cell for each violation of probation).
Reviewing the remaining thirteen reasons provided for departure, we determine that only one valid reason supported the departure sentence. Citing Ballard v. State, 501 So.2d 1285 (Fla. 4th DCA 1986), approved, 506 So.2d 1033 (Fla.1987), the trial judge found that the appellant had an escalating pattern of serious offenses. See Barfield v. State, 594 So.2d 259 (Fla.1992) (escalating pattern of criminal conduct valid reason for departure). The trial judge read the appellant’s chronology of prior offenses into the record at the sentencing hearing. The appellant had the following convictions:
DATE OFFENSE
March 1970 Contempt of court, no driver’s license, and no inspection sticker
August 1970 Profanity, careless driving, and no driver’s license
September 1970 Resisting an officer
January 1972 Possession of marijuana
February 1973 Possession of stolen property
January 1974 Shoplifting and petit theft
July 1974 Profanity
October 1974 Petit theft
November 1974 Disorderly conduct
April 1975 Loitering and prowling
February 1983 Delivery and possession of marijuana
July 1983 Sale and delivery of cocaine and possession of cocaine
April 1985 Trespassing and battery
August 1986 Aggravated battery (case No. 85-14052)
August 1986 Third-degree murder (case No. 86-3358)
*564 This chronology shows an escalation from misdemeanor offenses to the violent felony offenses currently before this court: aggravated battery and third-degree murder. This escalation of criminal conduct supports the sentence imposed, because it has been demonstrated beyond a reasonable doubt that the trial judge would have imposed the same departure sentence absent the other invalid reasons for departure. See Albritton v. State, 476 So.2d 158 (Fla.1985). Thus, we affirm the departure sentence.
SCHOONOVER, C.J., and CAMPBELL, J., concur.