GOSHORN, Judge.
Johnny Randolph challenges the sentences imposed for two counts of aggravated battery with a firearm.[1] He argues that the trial court erred by adding legal constraint points on the scoresheet and by departing from the presumptive guidelines sentence for invalid reasons. While we agree that the record does not support the inclusion of legal constraint points, we hold that the error was harmless in light of what we find are valid reasons for departure. Accordingly, we affirm the defendant’s sentences.
At the resentencing hearing, the trial court, over objection, scored 36 points under “LEGAL STATUS AT TIME OF OFFENSE” because the defendant was under a restraining order at the time that he committed the instant offenses.[2] However, the violation of a restraining order does not support the addition of legal constraint points. See Thompson v. State, 585 So.2d 1130 (Fla.3d DCA 1991). The erroneous addition of these points bumped the recommended range of 3V2 to 4¾⅛ years’ incarceration up to the next cell of 5V2 to 7 years, with a concomitant increase in the permitted range of 2½ to 5V2 years’ incarceration up to 4½ to 9 years. On count II, the trial court sentenced the defendant to 5 years in the Department of Corrections followed by 10 years’ probation, which is within the correct permitted range of 2½ to 5½ years. Thus, despite the erroneous inclusion of legal constraint points, the sentence on count II does not require reversal.
On count I, the trial court chose to depart from the guidelines and sentenced the defendant to 10 years’ incarceration followed by 5 years’ probation. The court gave the following written reasons for the departure sentence: “excessive use of *129 force,” “total disregard for human life,” and “violation of restraining order.” We agree with the appellant that total disregard for human life, which was the trial court’s second departure reason, is not a valid basis to support this departure because disregard for human life is inherent in the instant offense. See Pelier v. State, 509 So.2d 1276 (Fla.3d DCA 1987) (holding that utter disregard for human life was an invalid departure reason because, inter alia, it is inherent in the offense of aggravated battery with a firearm).
However, we find that the court’s two other reasons are sufficient to support the departure sentence. In State v. McCall, 524 So.2d 663 (Fla.1988), the Florida Supreme Court reaffirmed that a departure from the sentencing guidelines is appropriate when the defendant’s conduct is so extraordinary or egregious that it goes beyond the ordinary case. In the instant case, the defendant’s excessive use of force by pursuing a retreating victim and continuing the attack by firing additional shots is sufficiently egregious to support the trial court’s first reason for imposing the departure sentence. See Simmons v. State, 570 So.2d 1383 (Fla. 5th DCA 1990) (upholding a departure sentence based in part on the fact that the defendant had repeatedly fired a gun at the victim, striking him three times). Additionally, the trial court’s third reason for departure, that the defendant violated a restraining order, provides a clear and convincing basis for the departure sentence. Accordingly, we affirm the sentences imposed.
AFFIRMED.
HARRIS, C.J., and THOMPSON, J., concur.

. This is the second appearance of this case before this court. In Randolph v. State, 591 So.2d 279 (Fla. 5th DCA 1991), the defendant successfully argued that reclassification of the second degree felonies to first degree felonies, based on the use of a firearm, was error. This court reversed the sentence and remanded for resentencing. Upon remand, a new scoresheet was prepared which properly scored the offenses as second degree felonies.

. The record does not reveal why these points were not scored on the original scoresheet, although the record suggests the points were inadvertently overlooked. A trial court has a duty to use an accurate scoresheet in resentencing a defendant, even if the correction of the score-sheet results in a more severe guidelines range. Scherwitz v. State, 618 So.2d 793 (Fla. 5th DCA 1993).