DOWNEY, JAMES C., Senior Judge.
Appellant was charged in an eleven count information with multiple felonies. After having first pled not guilty appellant entered into an agreement with the state to plead nolo contendere. The written agreement, filed in the cause on October 29, 1991 under the heading Petition To Enter Plea of Nolo Contendere, provides among other things that appellant will plead nolo contendere to the charges set forth in the information which include Counts I and II, attempted second degree murder; Counts III and IV, armed robbery with a firearm; Counts V and VI, kidnapping with a firearm; Count VIII, armed burglary with a firearm; Counts IX and X, grand theft and Count XI, aggravated battery. Appellant acknowledged therein that the judge has complete discretion to sentence him to any sentence permitted within the permissive range of the sentencing guidelines; that the state will make sentencing recommendations to the court which are not binding on the court. He indicated that he understood the sentencing guidelines which were explained to him. He acknowledged further that the state has recommended the court sentence appellant to a term of years no less than 40 years in the Department of Corrections and no greater than life in prison. The state also recommended two mandatory minimum consecutive sentences for the firearm involved. Appellant agreed to testify truthfully in all proceedings against his codefendant (Troy Vaughn). He understood his prior record *864 places him in the 27 — 10 year grid for sentencing but if it should score differently he will be sentenced according to the grid shown on the scoresheet. Finally, the petition states that the judge will allow withdrawal of his plea “if he feels he wishes to sentence me outside the guidelines”.
On March 6, 1992, appellant filed a written petition to withdraw his plea and allow him to proceed to trial — after a thorough hearing during which the court was advised that appellant had refused to comply with the agreement and testify against his codefendant Vaughn the trial court denied appellant’s motion to withdraw and sentenced him on Counts I and II to 30 years each concurrent, with three years mandatory minimum; Count III to 99 years consecutive with the sentence in Count V and Count IV concurrent with the sentence in Count III; Count VI to life concurrent with the sentence in Count V; Count VIII to 99 years concurrent with the sentence in Count VI and several other short sentences which run concurrent with the aforesaid sentences.
Four appellate points are presented only two of which warrant discussion. Appellant charges the trial court erred in not abiding by the terms of the plea agreement after denying appellant’s motion to withdraw his plea. It is true the agreement provided that the judge will allow appellant to withdraw his plea if the judge feels he wishes to sentence appellant outside the guidelines. However, we are not persuaded that the foregoing allows appellant to himself breach the plea agreement and then trash the entire contract. Rather, when appellant failed to perform the acts required of him the agreement becomes null and void and the parties are “back to square one”. As the court said in Hoffman v. State, 474 So.2d 1178 (Fla.1985):
[The defendant] had the choice of abiding by the plea agreement or not. When he refused to go along, the agreement became null and void as if it had never existed. A defendant cannot be allowed to arrange a plea bargain, back out of his part of the bargain, and yet insist the prosecutor uphold his end of the agreement.
At that point the trial court imposed the departure sentence described above but failed to set forth the written reasons for departing from the guidelines. See Rease v. State, 493 So.2d 454 (Fla.1986). This brings us to the other appellate point.
The sentence imposed is defective in two regards under the facts and circumstances of this case. One, the written sentence in part deviates from the oral sentence imposed and thus requires resentencing. Hale v. State, 589 So.2d 1000 (Fla. 1st DCA1991). Secondly, and more importantly, no written reasons are set forth in the record to justify the departure. Therefore, since we have no reason to feel the trial judge did not intend to depart from the guidelines, as he obviously did, the cases authorizing the option of departing again on remand are not available to him.
Accordingly, we reverse the sentence imposed and direct the trial court to resentence appellant within the guidelines.
DELL, C.J., and STONE, J., concur.