646 So.2d 829 (1994)
Wilberto Q. GALLETTI, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0156.
District Court of Appeal of Florida, Fourth District.
December 14, 1994.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
Appellant, Wilberto Q. Galletti, defendant below (Appellant), appeals the final judgment of conviction and sentence for false imprisonment and possession of marijuana over twenty grams. We affirm the convictions but reverse and remand for resentencing.
On March 31, 1993, Appellant pled no contest to a charge of possession of marijuana over twenty grams. Adjudication was withheld and Appellant was placed on eighteen months probation.
On August 2, 1993, the state sought to have Appellant's probation revoked. In the amended affidavit of violation of probation, the state alleged that Appellant violated probation by possessing marijuana and by illegally restraining Edmitta Solomon against her will. Thereafter, Appellant was charged by information with false imprisonment.
Appellant proceeded to a jury trial on the false imprisonment charge and was found guilty. Subsequently, the trial court found Appellant in violation of probation based on the underlying offense of false imprisonment. After revoking Appellant's probation, the trial court adjudicated Appellant guilty of the prior crime of possession of marijuana in excess of twenty grams and sentenced him to 3 1/2 years incarceration. In addition, the trial court sentenced Appellant to a concurrent 3 1/2 year term of incarceration for the false imprisonment conviction.
In the instant case, Appellant was sentenced for two cases: violation of probation for the earlier offense of possession of marijuana over twenty grams and false imprisonment. A consolidated guideline scoresheet was prepared for the false imprisonment charge with Appellant totaling eighty-six points. Under the permitted guideline range, the maximum sentence which should have been imposed for false imprisonment was "any nonstate prison sanction" or a *830 "term of incarceration not to exceed 22 months." See Fla.R.Crim.P. 3.988(i).
The state concedes that the trial court erred in sentencing Appellant to 3 1/2 years in prison for the false imprisonment charge. The trial court reasoned that the one cell-bump for a violation of probation applied to the new substantive offense of false imprisonment. However, there is nothing in the Florida Rules of Criminal Procedure that allows a subsequent offense to be bumped up because of a previous violation of probation. As such, for false imprisonment, Appellant must be sentenced in accordance with Florida Rule of Criminal Procedure 3.701(d)(11) which provides:
Departures from the recommended or permitted guideline sentence should be avoided unless there are circumstances or factors that reasonably justify aggravating or mitigating the sentence. Any sentence outside the permitted guideline sentence must be accompanied by a written statement delineating the reasons for the departure.
Appellant's sentence of 3 1/2 years for false imprisonment was outside the permitted guideline and was not accompanied by a written statement. As such, Appellant must be resentenced for the false imprisonment conviction.
The state also concedes that the trial court's written order of revocation of probation did not conform to the trial court's oral pronouncement. Appellant was charged with having breached the terms of probation in two respects, by possessing marijuana and by forcibly restraining Solomon against her will. However, the state, prior to sentencing, abandoned the possession of marijuana charge as it related to Appellant's violation of probation. During the revocation hearing, the trial court stated that Appellant violated probation by committing the substantive offense of false imprisonment. However, the order of revocation of probation recites that Appellant violated the conditions of probation "as stated in the affidavit of violation of probation dated August 2, 1993," thus including the possession of marijuana charge.
The law is clear that the written sentencing order must conform to the trial court's oral pronouncement. See Kord v. State, 508 So.2d 758 (Fla. 4th DCA 1987); Abney v. State, 623 So.2d 863 (Fla. 4th DCA 1993). Thus, this case must be reversed and remanded so that the written order of revocation of probation can conform to the trial court's oral pronouncement that Appellant violated his probation by committing the offense of false imprisonment.
Therefore, this case is reversed and remanded with directions to the trial court to resentence Appellant with respect to the false imprisonment conviction and to conform the written order of revocation of probation with the trial court's oral pronouncement.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
HERSEY and POLEN, JJ., concur.