RYDER, Acting Chief Judge.
Roderick Homes challenges the trial court’s final judgments and sentences imposed pursuant to a plea agreement whereby he agreed to make restitution and testify against his codefendants in exchange for a sentence within the guidelines. The appellant admitted to a violation of the plea agreement by his refusal to testify against the codefendants, and he now contends that the trial court erred in imposing an upward departure sentence and in not allowing him to withdraw his plea. We find no merit to his arguments, and, therefore, we affirm the convictions. We also affirm the imposition of upward departure sentences, but we remand for the correction of sentencing errors.
First, the appellant argues that the court erred in not allowing him to withdraw his plea. The appellant made no motion to withdraw the plea. He affirmatively understood at the time of the plea colloquy that the consequence for his failure to testify against the codefendants was that the plea would stand, but not the guidelines sentence. Even had Homes moved to withdraw his plea, it is not error to refuse to allow a defendant to withdraw a plea where he fails to live up to his part of the bargain. See Abney v. State, 623 So.2d 863 (Fla. 4th DCA 1993); Pettit v. State, 553 So.2d 364 (Fla. 5th DCA 1989).
Homes next contends that the trial court’s reasons for a departure sentence were invalid. The trial court’s reasons were that the offenses constituted a crime spree and showed an escalating pattern. Because all of the instant offenses were scored as primary offenses, the crime spree is not a valid reason for departure. State v. Simpson, 554 So.2d 506 (Fla.1989). But the *1224 record shows that the appellant had a prior record of two misdemeanors, retail theft and resisting arrest without violence, followed by seven auto burglaries and finally, four armed robberies with firearms. The record supports a departure based upon an escalating pattern. Taylor v. State, 601 So.2d 540 (Fla.1992); Williams v. State, 602 So.2d 562 (Fla. 2d DCA 1992).
We must, however, reverse and remand for corrections in the judgments and sentences. The appellant pled nolo contendere to seven counts of burglary of a conveyance, four counts of robbery, the lesser included offense to the charges of armed robbery with a firearm, and one count of armed robbery with a firearm. The appellant contends and the state concedes that the sentence in case no. 92-3402 was incorrectly imposed consecutively, rather than concurrently, as the trial judge announced. The state correctly points out that the judgments and sentences must also be corrected in case nos. 92-3379, 92-3382, 92-3401, and 92-3402 because the judgments reflect adjudications for armed robbery with a firearm, not the lesser included offense of robbery to which he pled. Also, the sentencing forms wrongly reflect a twenty-year sentence for each of those adjudications instead of a fifteen-year sentence, the maximum sentence for a second degree felony. Finally, in case nos. 92-3382, 92-3401 and 92-3402, the three-year minimum mandatory sentences must be vacated.
We affirm the convictions, but reverse and remand for resentencing.
PARKER and LAZZARA, JJ., concur.