662 So.2d 748 (1995)
Robert V. GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3248.
District Court of Appeal of Florida, Fourth District.
November 15, 1995.
*749 Philip J. Yacucci, Jr., Fort Pierce, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Robert Green, appeals an upward departure sentence entered after a jury convicted him of second degree murder with a firearm. We reverse and remand.
At Green's trial for the murder of his estranged wife, the doctor who performed the autopsy testified that, after being shot, the victim remained hospitalized for nineteen days where her condition deteriorated and she ultimately died of multiple gunshot wounds. The doctor recovered three bullets from the victim's body, one from her back, one from her buttock area and one from her pelvic area. Further testimony indicated that the victim had been treated for cervical cancer five years prior to the shooting, but was considered cured. While the doctor acknowledged that the victim had permanent radiation injury on her intestines and her bowel from the cancer treatment and agreed that her total physical condition might have been somewhat compromised as a result, he stated that he did not think the radiation injury was a major factor in causing her death.
At the sentencing hearing, the state sought an upward departure from the twenty-one and one-half year maximum sentence based on emotional trauma of the victim and her vulnerability as a result of the radiation treatment. The trial court sentenced Green to forty years in prison. As reasons for the upward departure, the court stated the following:
First, Mrs. Green suffered a prolonged and lingering death as a direct result of the defendant's criminal actions. And, related to that, Mrs. Green was in a vulnerable position due to her medical history that made her more susceptible to death from misconduct. The defendant was aware of that situation.
On appeal, Green argues that both of the trial court's reasons for departure are invalid. We agree.
"The recommended guidelines sentence provided by the total sentence points is assumed to be appropriate for the offender." § 921.0016(1)(a), Fla. Stat. (1993). Courts should avoid imposing sentences which depart from the recommended guidelines sentence unless there are circumstances or factors that reasonably justify aggravating or mitigating the sentence. Fla.R.Crim.P. 3.701(d)(11) (1995); see Galletti v. State, 646 So.2d 829, 830 (Fla. 4th DCA 1994). When the court imposes a departure sentence, the facts which support departure must be proven *750 by a preponderance of the evidence. Wray v. State, 639 So.2d 621, 623 (Fla. 4th DCA 1994); Fla.R.Crim.P. 3.701(b)(6). Departure cannot be based on reasons which are already factored into the guidelines scoresheet or are inherent components of the crime. State v. Mischler, 488 So.2d 523 (Fla. 1986) superseded by statute on other grounds.
The court's first departure reason, vulnerability based on physical disability, does not justify departure in the instant case. Section 921.0016(3)(j), Florida Statutes (1993), provides for departure from the sentencing guidelines if "[t]he victim was especially vulnerable due to age or physical or mental disability." The only evidence offered to support the departure in the case at bar was the doctor's testimony, which did not establish by a preponderance of the evidence that the victim's prior medical history and consequent radiation injury made her more susceptible to death from multiple gunshot wounds than any other person. See Grant v. State, 586 So.2d 438 (Fla. 1st DCA 1991); see also Wemett v. State, 567 So.2d 882 (Fla. 1990).
The second reason for departure, the victim's "prolonged and lingering death," is likewise invalid based on the facts in this case. Section 921.0016(3)(l), Florida Statutes (1993), justifies a departure sentence in cases in which "[t]he victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty." (emphasis supplied). The court cannot justify departure on trauma which is the same trauma suffered by all victims of that particular crime. State v. Rousseau, 509 So.2d 281 (Fla. 1987). Death is an inherent component in the crime of murder, and one which is already factored into the sentencing guidelines. The state in this case did not prove by a preponderance of the evidence that the victim suffered extraordinary physical or emotional trauma, as required by the statute. The fact that the victim died nineteen days after the shooting, alone, does not justify departure.
We, therefore reverse and remand for resentencing within the guidelines. Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
REVERSED AND REMANDED.
WARNER and PARIENTE, JJ., concur.