MICKLE, Judge.
Appellant appeals his sentence imposed upon revocation of probation/community control contending the trial court erred (1) in failing to award credit for a six-month sentence served for direct contempt, (2) in entering a written revocation order that contained technical errors and failed to conform to the oral pronouncements, and (3) in failing to award credit for one year of jail time served as a condition of community control. We affirm issue 1 without discussion, and reverse and remand issues 2 and 3 as set forth below.
Appellant pled no contest to one count of sale of a counterfeit controlled substance in lieu of a controlled substance. On February 24, 1994, he was sentenced to six months in county jail for direct contempt arising out of his failure to appear for sentencing, followed by two years of community control and three years of probation. On January 13,1995, his probation/community control was revoked and he was sentenced to thirty months in prison, with 106 days’ credit for time served.
*304 Issue 2 concerns the disparity between the trial court’s oral pronouncements at the violation and revocation hearings and the findings contained in the written revocation order. The state concedes, and we agree, that the written order of revocation must be corrected to strike all references to any violations of probation/community control other than condition (5), and to strike the following language “[t]he defendant pled Nolo Contendere to the allegations as stipulated in the Affidavit of Violation of Community Control.” See Galletti v. State, 646 So.2d 829 (Fla. 4th DCA 1994); Moore v. State, 623 So.2d 795 (Fla. 1st DCA 1993) (written revocation order must conform to trial court’s oral pronouncement); Gore v. State, 616 So.2d 189 (Fla. 1st DCA 1993) (remand for correction of written revocation order necessary where violations cited in order were not proven at revocation hearing).
In issue 3, raised via supplemental briefing, appellant contends that upon resen-tencing he should have been awarded credit for one year served in county jail as a condition of community control. In support of this claim, appellant supplemented the record on appeal with a document entitled “Judgment of Guilt and Placing Defendant on Community Control,” signed September 28, 1994, ordered nunc pro tunc, February 24, 1994, but not filed in the record below until September 14, 1995. That portion of the document containing the clerk of the court’s certified stamp and signature is crossed out. The document provides that appellant’s first year of community control be spent in county jail. Appellant claims he is entitled to immediate release from custody. The state submits that this document, if genuine, would entitle appellant to credit for time actually served in county jail as a condition of community control. It does not appear that the lower court had the benefit of this document upon resen-tencing appellant for violation of probation/community control. We therefore remand to the trial court to (1) ascertain the authenticity of this late filed document, and (2) award appellant credit due, if any, for time actually served in county jail as a condition of community control.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
JOANOS and VAN NORTWICK, JJ., concur.