677 So.2d 390 (1996)
Johnny BELLAMY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00691.
District Court of Appeal of Florida, Second District.
July 24, 1996.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Johnny Bellamy appeals his conviction and sentence for second-degree murder, contending the trial court erred in denying his motion to suppress evidence and in departing upward from the sentencing guidelines. We affirm his conviction, but reverse his sentence.
We conclude that even if the trial court erred in failing to suppress Mr. Bellamy's statements, such error would have been harmless beyond a reasonable doubt in this case. See Stein v. State, 632 So.2d 1361 (Fla.), cert. denied, ___ U.S. ___, 115 S.Ct. 111, 130 L.Ed.2d 58 (1994); Farinas v. State, 569 So.2d 425 (Fla.1990). Accordingly, we affirm his conviction.
The upward departure sentence is a more difficult issue. The guidelines scoresheet reveals that Mr. Bellamy's presumptive sentencing range is 158.1 to 263.5 months' imprisonment. The trial court sentenced him *391 to life imprisonment and gave the following reasons for the departure:
The Defendant's crime created a substantial risk of death or great bodily harm to others. There were numerous people around and others could have also been hurt by the Defendant. Fla.Stat. § 921.0016(3)(i). See also Dobson v. State, 566 So.2d 560 (Fla. 5th DCA 1990).
Furthermore, the Defendant's conduct was so extraordinary or egregious that it goes beyond the ordinary case. State v. McCall, 524 So.2d 663 (Fla.1988); Vanover v. State, 598 [498] So.2d 899 (Fla.1986); Randolph v. State, 622 So.2d 127 (Fla. 5th DCA 1993).
The legislature has recognized that both of these reasons are valid aggravating circumstances to justify an upward departure from the sentencing guidelines. See § 921.0016(3)(b), (i), (l), Fla.Stat. (1993). Reasons for departure, however, must be supported by a preponderance of the evidence. § 921.001(6), Fla.Stat. (1993).
Concerning any substantial risk to others, the record reveals that Mr. Bellamy shot the victim in the left eye from a distance of six to twelve inches with a .9 millimeter semiautomatic gun. There was an exit wound on the back of the victim's head. Although the shooting took place in a bar parking lot with thirty to forty people standing around, there is no testimony that any of these people were close to the victim, in the line of fire, or at substantial risk from the bullet after it passed through the victim's body.
We obviously do not condone the reckless use of a firearm, especially in the commission of a homicide. However, unless every use of a firearm in a public place constitutes the type of substantial risk of death or great bodily harm to others that justifies a departure sentence, this record does not support this basis for departure.
Most cases holding this reason valid have involved multiple shots from a distance into a crowd. See, e.g., Dobson v. State, 566 So.2d 560 (Fla. 5th DCA 1990) ("gangland type hit" outside public lounge where one bystander was wounded in shooting), review denied, 577 So.2d 1326 (Fla.1991); Green v. State, 545 So.2d 359 (Fla. 2d DCA 1989) (defendant fired shotgun in housing project, forcing police to defend themselves by returning fire); Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988) (shooting multiple victims in alley near three bystanders and at least two shots were fired from a distance while victims were running away); Staten v. State, 500 So.2d 297 (Fla. 2d DCA 1986) (during armed robbery, defendants put gun in bystanders' faces, shot and killed victim, then fired more shots, one of which hit bystander in arm), disapproved on other grounds, 519 So.2d 622 (Fla.1988). But see Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986) (defendant shot victim from distance of ten to fifteen feet outside nightclub in presence of thirty or forty people, one of whom was three feet from victim).
We do not hold the fact that a single shot fired at close range in a public place could never be a valid basis for a departure. The trial court simply lacked the necessary evidence to conclude that Mr. Bellamy's conduct in this case "created substantial risk of death or great bodily harm to many persons." § 921.0016(3)(l), Fla.Stat. (1993).
Similarly, the preponderance of the evidence does not demonstrate that the victim suffered extraordinary trauma or lingered in pain after the shooting, or that this homicide was committed in an "especially heinous, atrocious, or cruel" manner. § 921.0016(3)(b), Fla.Stat. (1993). To a victim's family, any homicide is especially cruel. While we are sympathetic to the families of homicide victims and victims of other violent crimes, we cannot hold, as a matter of law, that the life sentence imposed for this second-degree murder is supported by a preponderance of the evidence establishing that the offense was especially cruel. Compare Small v. State, 667 So.2d 299 (Fla. 1st DCA 1995) (holding that fact that mother beat 35-month old son to death with boot, although "barbaric and grotesque," was not extraordinary or egregious case of second-degree murder); with Brown v. State, 611 So.2d 540 (Fla. 3d DCA 1992) (holding departure valid on basis that defendant's conduct was "so egregious as to be beyond the ordinary case *392 of battery and attempted murder" where victim was beaten beyond recognition and officer testified that in twenty years on force, he had never seen live victim beaten so badly) and Hines v. State, 587 So.2d 620 (Fla. 2d DCA 1991) (holding defendant's "extreme brutality" was valid reason for departure where severe permanent physical and mental injuries to victim "far exceeded" that required to commit multiple counts of sexual battery, false imprisonment, and aggravated battery).
Because neither of the trial court's reasons for departure is valid, we reverse Mr. Bellamy's sentence and remand for resentencing within the guidelines. On remand, the trial court should correct the scoresheet miscalculation to reflect a sentencing range of 156.6 to 261 months' imprisonment.
Affirmed in part, reversed in part, and remanded for resentencing.
DANAHY, A.C.J., and PATTERSON, J., concur.