WHATLEY, Judge.
Carl W. Wilson appeals his conviction and sentence for second-degree murder with a firearm. We affirm his conviction without discussion, but we reverse his upward departure sentence.
The trial court gave two reasons for the upward departure sentence. The trial court first noted that Wilson “displayed unusual cruelty in firing more shots, of different projectile types, than was necessary to accomplish the Victim’s demise.” It further found that Wilson attempted to conceal the victim’s body in a particularly gruesome method.
The State concedes that the second departure reason was invalid. “[A] defendant’s efforts to cover up a crime will not justify a departure from the sentencing guidelines.” Connelly v. State, 704 So.2d 590, 591 (Fla. 4th DCA 1997). See Smith v. State, 620 So.2d 187 (Fla.1993).
We note that section 921.0016(3)(o), Florida Statutes (1995), provides that a departure sentence may be appropriate where the crime was committed to prevent or avoid arrest, to prevent or impede prosecution for the conduct underlying the offense, or to effect an escape. In Rendon v. State, 690 So.2d 645 (Fla. 4th DCA 1997), the Fourth District noted that the crime referred to in section 921.0016(3)(o) is the primary charge. Here, the primary charge is second-degree murder, and the murder was not committed for any of the above stated purposes. Therefore, departure is not justified under this section.
The trial court also found that departure was appropriate because the offense involved extreme cruelty based on the number of times the victim was shot. We disagree. The medical examiner testified that the victim was shot four times. The victim was fatally shot in her back. The medical examiner opined that the shot to her arm and face occurred after the shot to her back. He based this opinion on the fact that there was no bleeding at those two wounds, which suggested that her heart had probably stopped beating before those shots. The medical examiner could not determine whether the shot to the victim’s wrist occurred after the shot to her back.
In Bellamy v. State, 677 So.2d 390 (Fla. 2d DCA 1996), the victim was shot in the *446 eye from a distance of six to twelve inches. This court held that the evidence did not show that the victim suffered extraordinary trauma or lingered in pain, or that the murder was committed in an especially heinous, atrocious, or cruel manner. 677 So.2d at 391. See Johnson v. State, 689 So.2d 1111, 1113 (Fla. 2d DCA 1997) (holding that, where the victim died instantaneously from a gunshot wound, there was insufficient evidence to support a finding of extreme cruelty). Similarly, the victim in this case died almost immediately from the gunshot wound to her back.
In Green v. State, 662 So.2d 748 (Fla. 4th DCA 1995), the victim was shot three times and remained in the hospital for nineteen days before ultimately dying of her gunshot wounds. The Fourth District held that these circumstances did not justify departure because such trauma was similar to the trauma suffered by all victims of that particular crime. 662 So.2d at 750. See Davis v. State, 517 So.2d 670, 673 (Fla.1987) (holding that where the defendant shot the victim at least five times from point blank range and left the house while the victim staggered to the phone, there was insufficient evidence to support a finding of extreme cruelty); Freer v. State, 514 So.2d 1111, 1113 (Fla. 1st DCA 1987) (ruling that there was insufficient evidence to support a finding of extreme cruelty where the victim was shot twice in the head and once in the chest, and each wound could have caused the victim’s death).
In the present case, although the victim was shot four times, she was conscious during the shot to her back and perhaps during the shot to her wrist. These circumstances do not justify departure from the guidelines based on a finding of extreme cruelty. Because both departure reasons given by the trial court are invalid, we reverse Wilson’s sentence and remand this ease for resentencing within the guidelines.
Conviction affirmed; sentence reversed and remanded with directions.
BLUE, A.C.J., and CASANUEVA, J., Concur.